NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DUNCAN McANDREW, PETITIONER, v. PERCY G. ALLAN,
RESPONDENT.

Alleged ·Infection· of Hand Resulting From Injury Caused
Through Handling Concrete Blocks—Employer and Fellow-
Employes Not Aware of Injury at the Time—Held, That
Evidence Falls Far Short of Connecting the Infection With
the Handling of the Concrete Blocks—Case Dismissed.

On determination of facts and findings.

For the petitioner, *Ralph J. Smalley.*

For the respondent, *Harry E. Walburg.*

*        *        *        *        *        *        *

2. The petitioner testified that he was employed by the re-
spondent on October 2d, 1926, to assist in mason work in the
construction of a house by the respondent on Cole .avenue,
Plainfield, New Jersey; that he worked for the respondent
from October 2d, 1926, to October 8th, 1926; that he was
paid fifty cents an hour as wages. On October 5th, 1926, he
was handling cement blocks, which were rough, and one of
the cement blocks scratched his left hand. That he reported
the accident to his employer. and also told Mr. Burgess and
Mr. Getz, fellow-employes, that he injured his hand on Oc-
tober 5th, 1926. After the injury he wore a bandage on his
hand which the other employes saw. He was discharged from
his employment on October 8th, 1926, as there was no
further work to do. About a week after his discharge he
went to Dr. Anthony, of Plainfield, New Jersey, who sent him
to the Muhlenberg Hospital, and he remained there for fifteen
days and received treatment at the clinic until December
21st, 1926. Dr. Morris, attending surgeon of the Muhlen-
berg Hospital, testified that he saw the petitioner at the hos-

pital on October 18th, 1926, and at that time the petitioner had an infection in his left hand. The hand was operated on by Dr. Morris and treated by him while the petitioner remained in the hospital. Dr. Morris did not take any history of the case. Dr. Morris testified that in his opinion the petitioner sustained permanent disability of ten per cent. to fifteen per cent. of the left hand.

3. Dr. Feigenbaum, a doctor who is associated with the Muhlenberg Hospital, testified that on October 9th, 1926, the petitioner was admitted to the Muhlenberg Hospital and gave a history of having picked a piece of callous from his left hand on October 2d, which bled a little, and that several days later his hand became sore. The day before he was admitted to the Muhlenberg Hospital the petitioner stated that he went to Dr. Anthony, of Plainfield, New Jersey, who lanced the hand and then sent him to the hospital. Dr. Feigenbaum also testified that the petitioner did not tell him that he received an injury to his hand by handling cement blocks while employed by the respondent. The respondent, Mr. Allan, and Mr. Burgess and Mr. Getz, all testified that at no time had the petitioner ever told them that he had received an injury while working for the respondent, nor at any time did he complain of any injury to his hand. The respondent testified that the first knowledge he had of the alleged injury was when he received notice that the petitioner was in the hospital. Mr. Kuhl, adjuster of the New Amsterdam Casualty Company, the insurance carrier for the respondent, produced a signed statement which he had taken from the petitioner, in which the petitioner stated that the skin on his left hand was rubbed off from the continuous handling of concrete blocks and that he did not know of any particular occurrence which caused the scratches to his hand. Mr. Kuhl stated that he wrote down the story which the petitioner gave him and gave it to the petitioner, who signed it. The petitioner denied that he read the contents of the statement he signed. Dr. Chapman testified for the respondent that he examined the petitioner on May 23d, 1927. At that time the petitioner told him that on October 5th, 1926, while employed by the

respondent, the skin on both of his hands became rubbed off while handling concrete blocks and that several scratches appeared after that.  Dr. Chapman estimated the petitioner's permanent disability at ten per cent. of the left hand.

4. The question in this case is purely one of fact, and the evidence produced by the petitioner has fallen far short of satisfying me that he received an injury to his left hand as a result of an accident arising out of and in the course of his employment with the respondent.  The testimony of the petitioner is in direct conflict with that of the witnesses produced by the respondent, and after observing the demeanor of the various witnesses on the stand and considering their interest in the matter, I am satisfied that the witnesses of the respondent were telling the truth.  In addition to this, the hospital records show that the history of the injury given by the petitioner when he entered the hospital does not refer or mention in any way that he scratched his hand while working for the respondent.  I am also satisfied that the petitioner read the statement drawn up by Mr. Kuhl before he signed it.  In view of all of these facts I must necessarily find in favor of the respondent and against the petitioner.

It is therefore, on this 22d day of June, 1927, ordered that the claim petition be and is hereby dismissed, and that judgment be entered in favor of the respondent.

CHARLES E. CORBIN,
*Deputy Commissioner.*